IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FREDERICK DWIGHT GREEN, JR., <br><br>            Plaintiff <br> VS. <br><br> MICHAEL NOPEN, SERGEANT, <br><br>            Defendant | NO. 5:09-CV-8 (CAR) <br><br> PROCEEDINGS UNDER 42 U.S.C. §1983 <br> BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a MOTION FOR SUMMARY JUDGMENT filed by defendant Michael Nopen Tab #30. The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits. Upon receipt of this motion, plaintiff Frederick Dwight Green, Jr. was directed to file (Tab #32) and has filed a response (Tab #36) to which defendant Nopen has replied (Tab #40). The defendant's motion seeking summary judgment is now ripe for review.

### FACTUAL BACKGROUND

In this action, plaintiff Green alleges that the defendant, through the unlawful use of excessive force, violated his constitutional rights. His claim arises out of a June 25, 2008 incident during which plaintiff refused to return to his assigned cell. In response to his insubordination, plaintiff was physically restrained and returned to his assigned cell. He claims that during this process, defendant Nopen, without cause or justification, manually strangled him and punched him in the mouth. Upon complaining about these alleged actions, plaintiff Green was taken to medical and examined. The medical examination revealed a swollen lip but no evidence of strangulation. Following this examination, plaintiff was escorted to administrative segregation.

That evening, in a purported attempt to secure medical treatment for his throat, plaintiff braided a bed sheet, secured it around his neck, tied it to a vent in the cell ceiling, stood on a chair, and loudly threatened to hang himself. Upon discovering the plaintiff standing in the chair, prison officials returned him to medical for another examination. The results of this examination once again failed to reveal any trauma induced injury to his neck or throat, though, in response to his complaints of pain when eating, he was given pain medication and temporarily put on a liquid diet. According to the plaintiff, he was able to return to his normal diet a short time later.

## LEGAL STANDARDS

SUMMARY JUDGMENT

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202(1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

EXCESSIVE FORCE

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that an injury was caused by an unnecessary and wanton infliction of pain. In such cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is, however, insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

**DISCUSSION**

As set forth more comprehensively in the preceding factual background section, plaintiff Green alleges that he was injured through the defendant's use of excessive force. In response, defendant Nopen filed the instant motion seeking summary judgment. In this motion, the defendant begins by flatly denying the plaintiff's allegations. In addition, defendant goes on to argue that even if the plaintiff could show that he had been subjected to excessive force, the resulting injuries are insufficient to establish a constitutional violation. For this reason, the defendant contends that he is entitled to judgment as a matter of law. The undersigned agrees.

Analysis of Eighth Amendment excessive force claims requires consideration of both subjective and objective components. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir.1999). In particular, to establish his claim, the plaintiff must show that the defendant acted with a sufficiently culpable state of mind and that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. See *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Johnson v. Moody*, 206 Fed. Appx. 880, 883 (11th Cir. 2006).

---

[2]Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

The subjective component involves the question of whether the force was applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically for the very purpose of causing harm. *Hudson*, 503 U.S. at 6. In this case, the defendant denies that he maliciously or sadistically applied any force to the plaintiff. Notwithstanding this denial, and for demonstrative purposes only, the undersigned will assume that the plaintiff made such a showing and will continue to the next step in the analysis.

The second, objective component, part of the analysis requires consideration of the nature of any resulting injury. That is, in order to establish a constitutional violation, and in addition to satisfying the subjective component above, a plaintiff must show that he has suffered an objectively serious injury. Conversely, if the force applied or the injury suffered is found to be *de minimus*, no constitutionally cognizable claim will lie. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Johnson v. Moody*, 206 Fed. Appx. 880, 883 (11th Cir. 2006).

With regard to his alleged injuries, plaintiff Green claims that, as a direct result of the defendant's actions, he suffered a mental breakdown, a small wound to his mouth, and severe throat pain. The objective medical evidence of record does not, however, fully support these contentions, to-wit: the record of the plaintiff's physical examination which took place immediately after the alleged incident indicates that the plaintiff had only a swollen lip and no observable indications of throat trauma. In addition, the record of the plaintiff's subsequent physical examination which occurred after he threatened to hang himself also makes no mention of any trauma to the throat. While this second examination record does note that the plaintiff's neck was "soft to palpation" and that "a large soft floating mass was palpated at the left lymph gland," other medical evidence plainly indicates that these conditions are not related to or even consistent with trauma to the neck. In light of this evidence, it appears that even if the plaintiff could show that the alleged improper use of force actually occurred, the only injury caused thereby was a swollen lip. A swollen lip is *de minimus*.

In view of the foregoing, the undersigned concludes that plaintiff Green has failed to establish an Eighth Amendment excessive force claim. Accordingly, **IT IS RECOMMENDED** that the defendant's MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 3rd day of FEBRUARY, 2010.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE