**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **FREDERICK DWIGHT GREEN, JR.,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No.: 5:09-cv-8 (CAR)** |
| | **:** | |
| **MICHAEL NOPEN, Sergeant,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

### *ORDER ON THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 42] that Defendant's Motion for Summary Judgment [Doc. 30] be granted. Plaintiff, proceeding *pro se*, filed an Objection to the Recommendation [Doc. 43] contending that there are genuine issues of material fact regarding his Eighth Amendment excessive force claim. Upon review of the Recommendation and the Objection, and upon *de novo* review of the record, the Court agrees with the findings and conclusions of the Magistrate Judge. Therefore, the Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

In his Objection, Plaintiff alleges that he suffered neck trauma, a swollen lip, and psychological damages as a result of Defendant's improper actions. Viewing the facts in the light most favorable to Plaintiff and after review of the record, the Court agrees with the Magistrate Judge's conclusion that no genuine issues of material fact exist regarding Plaintiff's Eighth Amendment excessive force claim.

Scratches, bruising, and redness are all evidence of neck trauma; however, as the Recommendation clearly points out, the objective medical evidence shows no indication of such

trauma. [Doc. 30, Exs. G & F]. Although Plaintiff contends that a jury should decide whether his alleged neck trauma was caused by Defendant's actions, Plaintiff proffers no evidence to counter the objective medical evidence other than his own interpretation of a nurse's medical assessment. Plaintiff's first medical examination took place on the day of the incident, June 25, 2008. The medical record shows no observable indications of neck trauma; instead, the record only notes Plaintiff's swollen lip. (Id. Ex. F, p. 1-2).

The day after the alleged incident on June 26, 2008, Plaintiff was taken to the medical unit after threatening to hang himself. This medical examination performed by both a nurse and a physician's assistant likewise shows no observable indications of neck trauma. (Id. Ex. F, p. 3-4). Plaintiff contends that the nurse's finding that Plaintiff's neck was "tender to palpation" and that a "soft floating mass" was palpated at the left lymph gland are evidence of neck trauma caused by Defendant's actions. (Id.). However, Dr. Fowlkes, the Medical Director at Georgia Diagnostic and Classification Prison, makes clear in his Affidavit that the presence of an enlarged left tonsil and large floating mass at Plaintiff's left lymph gland are not related to or evidence of neck trauma. [Doc. 41].

Finally, after further complaining of neck pain, Plaintiff was again seen by the medical staff on August 4, 2008, and August 11, 2008. Again, these records show no indication of neck trauma. (Id. Ex. F, p. 5-6). Plaintiff proffers no evidence other than his own interpretation of a nurse's finding to counter the objective medical evidence, which shows no indication of neck trauma. Accordingly, no genuine issue of material fact exists regarding Plaintiff's alleged neck injury. See Van T. Junkins & Assocs. v. U.S. Indus., Inc., 736 F.2d 656, 658 (11th Cir. 1984) (holding that a party opposing summary judgment cannot rest on his pleadings to present an issue of fact but must respond by filing affidavits, depositions, or otherwise to show a disputed genuine issue of material

fact).

Therefore, the only injury caused by Defendant's alleged improper use of force is Plaintiff's swollen lip. A swollen lip is de minimis, and as such, cannot form the basis of a constitutionally cognizable claim. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); see, e.g., Johnson v. Moody, 206 F. App'x 880 (11th Cir. 2006) (superficial injury to finger and fingernail were de minimis in nature even though inmate continued to make subjective complaints for six months); Coppage v. Lucas, No. 7:08-CV-10 (HL), 2009 WL 2566990, at *3 (July 20, 2009) ("plaintiff's minor injury of temporary swelling did not rise above the level of de minimis"); Smith v. City of Moultrie, Nos.6:06-CV-39 (WLS), 7:07-CV-116 (WLS), 2007 WL 2684983 (M.D. Ga. Sept. 7, 2007) (a sore muscle, an aching back, a scratch, and abrasion, a bruise, even those lasting up to two or three weeks, did not rise above de minimis level).

Plaintiff also claims to suffer from psychological damages including depression, sleep loss, and paranoia. However, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Prison Litigation Reform Act, 42 U.S.C. § 1997e(e); see Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007) (holding that psychological injury must be supplemented by some type of physical injury that is more than de minimis). Because Plaintiff's swollen lip does not rise above the level of de minimis, these claims do not stand. Accordingly, Plaintiff's argument is without merit.

## CONCLUSION

For the reasons explained above, the Recommendation [Doc. 42] to grant Defendant's Motion for Summary Judgment [Doc. 30] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED.**  This 12th day of March, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

APG/ssh